**C. A. STEPHENS, Appellant,**

v.

**J. T. STOKES, Trading as Stokes Appliance Company, Appellee.**

**No. 1771.**

Municipal Court of Appeals for the District of Columbia.

Submitted March 26, 1956.

Decided April 19, 1956.

C. A. Stephens, pro se.

Samuel Barker and Seymour Korn, Washington, D. C., for appellee.

Before HOOD, Acting Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired), sitting by designation under Code, § 11-776(b).

PER CURIAM.

Plaintiff sued a former employee on two claims: (1) a promissory note given for the agreed price of a television set, and (2) loss suffered by plaintiff on a note he signed for defendant for the purchase of an automobile, on which note defendant had defaulted. Plaintiff said he was compelled to redeem it from the bank, and after later gaining possession of the vehicle and making expenditures necessary to make it salable he sold it at auction. His claim was for the amount of his net loss.

Defendant admitted the execution of both notes. One defense was that plaintiff owed .

him certain salesman's commissions. As to this defendant presented no records and admitted that he did not know how much was due him. Plaintiff's records did not indicate that any commissions were due defendant.

As to the automobile transaction defendant claimed that the expense items charged against him in connection with the repossession and sale were exorbitant. But the only testimony on this question was given by plaintiff, who explained each of nineteen items he had listed in a bill of particulars furnished to defendant.

The trial court found for plaintiff for the amount of the first note. On the note covering the automobile transaction the court allowed certain items of expenses claimed by plaintiff and disallowed others.

On this appeal defendant complains that he should have been represented by an attorney at the trial. There is no substance to this complaint. The record shows that when the case was first set down it was continued for more than a month to enable him to obtain a lawyer. On the second hearing date it was again continued for almost another month, defendant electing to proceed pro se. At the ultimate trial date defendant again announced, "that he was willing and prepared to go forward in the trial of the case without the services of an attorney."

Other claims suggested as grounds for reversal are not within our reviewing function and furnish no ground for setting aside the decision of the trial court. Among such is the contention that plaintiff's testimony was false; also references to the physical condition and financial status of defendant.

It seems clear from the record that the judge conducted the trial patiently and carefully, and that there was no error in any of his rulings or in the ultimate decision.

Affirmed.